The STATE of Ohio, Appellee,

v.

MORRISON, Appellant.

[Cite as *State v. Morrison* (2000), 138 Ohio App.3d 168.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74184.

Decided June 19, 2000.

William D. Mason, Cuyahoga County Prosecuting Attorney, and *Peter Gauthier*, Assistant Prosecuting Attorney, for appellee.

*James A. Draper*, Cuyahoga County Public Defender, and *Mark A. Spadaro*, Assistant Public Defender, for appellant.

MICHAEL J. CORRIGAN, Judge.

This case is before this court on remand from the United States Supreme Court for further consideration in light of the court's recent decision in *Florida v. J.L.* (2000) 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254. Finding the Court's holding in that case to be squarely on point with the facts in the instant case, we hereby reverse our earlier decision in this matter and remand to the trial court for further proceedings consistent with this opinion.

The facts of this case are detailed in this court's prior opinion, *State v. Morrison* (June 17, 1999), Cuyahoga App. No. 74184, unreported, 1999 WL 401554, wherein we held that a reasonable suspicion existed for a police officer to initiate an investigatory stop of the appellant based upon information provided by an anonymous informant where the informant stated that the appellant was carrying a firearm and the informant correctly predicted the appellant's race, sex, and direction of travel, and gave a detailed description of the appellant's clothing. The Ohio Supreme Court declined jurisdiction to review this court's decision on October 20, 1999. 87 Ohio St.3d 1418, 717 N.E.2d 1105. On April 5, 2000, the United States Supreme Court vacated the judgment of this court and remanded the case to this court for further consideration in light of *Florida v. J.L.*

In *Florida v. J.L.*, the Supreme Court was presented with a fact pattern that was very similar to the one presented in the instant case. In *Florida*, an anonymous informant called the Miami–Dade Police Department and reported that a young black male standing at a particular bus stop and wearing a plaid shirt was carrying a gun. Officers responded to the bus stop and found three young black males, one of whom was wearing a plaid shirt. The officers searched all three of the individuals and in the process confirmed that the individual in the

plaid shirt was, in fact, carrying a concealed weapon without a license. The trial court granted the defendant's motion to suppress the use of the gun as evidence as the fruit of an unlawful search. Although the intermediate appellate court reversed the trial court's ruling, the Supreme Court of Florida held that the trial court had properly granted the motion to suppress as the search was invalid under the Fourth Amendment. In affirming the judgment of the Florida Supreme Court, the United States Supreme Court stated that an investigatory stop based on reasonable suspicion requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person. Specifically, the court held that "an anonymous tip lacking indicia of reliability of the kind contemplated in *Adams* and *White* does not justify a stop and frisk whenever and however it alleges the illegal possession of a firearm." The court also declined to carve out a "firearm exception" to the general rule whereby a tip alleging the illegal possession of a firearm would be presumed to possess sufficient indicia of reliability.

The appellant's sole assignment of error herein states:

"I. The trial court erred by denying appellant's motion to suppress evidence seized as the product of his unlawful detention in violation of his right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article One, Section Fourteen of the Ohio Constitution."

▮▮▮ Based on the holding of *Florida v. J.L.,* the appellant's sole assignment of error is well taken. The Supreme Court has clearly chosen to limit the situations where an investigatory stop may be premised on information received by an anonymous informant. We do note, however, Justice Kennedy's concurring opinion, wherein he noted that the court's opinion does not apply to all tips received by informants, such as where the informant "places his anonymity at risk" or where the identity of the informant is confirmed through caller identification or voice recording. Therefore, cases involving investigatory stops occasioned by an anonymous police informant will still need to be reviewed on a case-by-case basis in order to determine whether such tips lack sufficient indicia of reliability so as to render the search invalid.

This case is hereby remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and remanded.*

KARPINSKI, P.J., and ROCCO, J., concur.