JOURNAL ENTRY and OPINION
{¶ 1} Andre Bankston appeals from a decision of the common pleas court denying his motion to suppress evidence in connection with charges against him for carrying a concealed weapon. On appeal, he claims that information from an anonymous informant is insufficient to provide reasonable suspicion to stop the vehicle in which he was a passenger. After careful review of the record and applicable law, we reject this contention and affirm the decision of the court.
{¶ 2} Around midnight on March 9, 2001, Cleveland Police Officers Taylor and Buford traveled southbound on London Avenue in Cleveland when they received a radio assignment for a code one, that is, life-threatening call relating to shots fired from a gray Chrysler Concorde in the area of Westfield and London Avenues. They proceeded toward Westfield and, as they approached the intersection of London and St. Clair Avenues, observed a gray Chrysler Concorde approaching them. The officers pulled behind this vehicle, which had two occupants in the front and one in the rear, and they observed the front seat passenger looking over his shoulder at the police vehicle and appearing to put an object under his seat. After activating their lights and siren, they stopped the vehicle. Upon removing Bankston, the front seat passenger, from the car, they saw an empty gun holster on his belt. When he looked inside the car, Officer Baeppler, another officer who arrived at the scene, found a .40 caliber Glock beneath the front passenger's seat. Upon further search, the officers also located a .38 caliber revolver in a holster in the glove compartment.
{¶ 3} As a result of this incident, the grand jury returned a one-count indictment against Bankston for carrying a concealed weapon in violation of R.C. 2923.12.
{¶ 4} Following a plea of not guilty, Bankston moved to suppress the evidence based on his belief that the police were not authorized to stop the vehicle because their information came from an anonymous tipster. At the suppression hearing, Officer Taylor testified that after he pulled behind the suspect vehicle, the front seat passenger looked in the direction of the police car, bent over, and made body movements suggesting he was putting an object underneath his seat. Officer Taylor demonstrated these body movements and explained that, based on his observations, he thought Bankston was stuffing a gun underneath his seat.
{¶ 5} Officer Baeppler, an officer in a different police vehicle who also responded to the police dispatch regarding shots fired from a gray Chrysler, testified that when he looked inside the suspect vehicle, he found a Glock handgun beneath the front passenger seat.
{¶ 6} A t the conclusion of the hearing, the court denied Bankston's motion to suppress; Bankston then entered a no contest plea to the charge. The court found him guilty and placed him on community control sanctions. Bankston now appeals, raising one assignment of error, which states:
 {¶ 7} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE ILLEGALLY OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 4, ARTICLE 1 OF THE OHIO CONSTITUTION.
{¶ 8} Bankston claims the anonymous tip and the officers' observation of furtive movements are insufficient for the police to formulate reasonable suspicion justifying their stop of the vehicle that carried him.
{¶ 9} Acting as a trier of fact in a suppression hearing, the trial court is the primary judge of the credibility of witnesses and the weight of the evidence, see State v. Mills (1992), 62 Ohio St.3d 357,366, 582 N.E.2d 972; accordingly, a reviewing court must defer to the trial court's findings of fact and conclusions of law if competent and credible evidence exists to support the trial court's findings. See Statev. Smith (1997), 80 Ohio St.3d 89, 105, 1997-Ohio-355, 684 N.E.2d 668.
{¶ 10} "The United States Supreme Court has interpreted theFourth Amendment to permit police stops of motorists in order to investigate a reasonable suspicion of criminal activity." City of Maumee v. Weisner,87 Ohio St.3d 295, 300, 1999-Ohio-68, 720 N.E.2d 507, 513, citing Terryv. Ohio (1968), 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889. Reasonable suspicion, as a less demanding standard than probable cause, can arise from information that is less reliable than that required to show probable cause. Alabama v. White (1990), 496 U.S. 325, 330,110 S.Ct. 2412, 110 L.Ed.2d 301. Although reasonable suspicion connotes something less than probable cause, it requires something more than an "inchoate and unparticularized suspicion or hunch." Terry,392 U.S. at 27. Although an officer must articulate more than an unparticularized suspicion or hunch, reasonable suspicion to make a stop is based upon a minimal level of objective justification. Illinois v. Wardlow (2000),528 U.S. 119, 120, S.Ct. 673, 676, 145 L.Ed.2d 570.
{¶ 11} Courts have recognized three categories of informants: identified citizen informants, known informants, i.e., those from the criminal world who have previously provided reliable tips, and anonymous informants, who are comparatively unreliable. See Weisner,87 Ohio St.3d at 300. Standing alone, an anonymous tip is insufficient to support reasonable suspicion for an investigative stop, because it lacks the necessary indicia of reliability. White, 496 U.S. at 329. In White, the court held that under the circumstances of that case, an anonymous tip corroborated by independent police work sufficiently supported reasonable suspicion.
{¶ 12} In a recent decision, Florida v. J.L. (2000), 529 U.S. 266,120 S.Ct. 1375, 146 L.Ed.2d 254, the court limited the situations where an investigative stop may be premised on information supplied by an anonymous informant. In that case, the police had received information from an anonymous caller that a young black male wearing a plaid shirt standing at a bus stop carried a gun; they arrived at the bus stop, found a young black male wearing a plaid shirt, frisked him, and seized a gun from his pocket. Based on these facts, the court held that an anonymous tip that a person is carrying a gun is not, without more, sufficient to justify a stop and frisk of that person. The court explained that the officers' suspicion that J. L. was carrying a weapon arose not from their own observations but solely from a call made from an unknown location by an unknown caller, and it held that the anonymous tip in that case lacked sufficient indicia of reliability to provide reasonable suspicion to make a Terry stop. J.L, 529 U.S. at 270.
{¶ 13} Citing J.L., Bankston argues that the anonymous tip in this case similarly lacked the indicia of reliability to provide reasonable suspicion to justify the stop and search of the Chrysler.
{¶ 14} Bankston's reliance on J.L. is misplaced. In J.L., the court pointed out that "there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the investigative stop." Id. at 270, citing White, 496 U.S. at 327. It reasoned that "apart from the tip, the officers had no reason to suspect * * * illegal conduct. The officers did not see a firearm, and J.L. made no threatening or otherwise unusualmovements." J.L., 529 U.S. at 268. (emphasis added.)
{¶ 15} In the instant case, the officers responded to a dispatch relating to shots fired from a gray Chrysler Concorde in the area of Westfield and London Avenues and minutes later they spotted a vehicle matching the description coming from that specific area. Although the tipster's information helped the police to identify a specific vehicle, we are mindful that the court in J.L. stated that "[t]he reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just its tendency to identify a determinate person." Id. at 272.
{¶ 16} Here, Officer Taylor testified that after he pulled behind the suspect vehicle, he observed the front seat passenger of the vehicle look in the officers' direction and lean forward, as if putting an object underneath his seat; this led the officer to believe, in light of the report of recently fired gunshots, that the passenger was hiding a gun. Thus, we conclude that this case can be distinguished from J.L. Here, Officer Taylor not only corroborated the information supplied by the dispatch, but also observed Bankston's body movements, which aroused his suspicions of illegal conduct and provided the indicia of reliability under the totality of circumstances. In J.L., the court emphasized that the officers there did not observe any unusual movements by the defendant; here, unlike J.L., the police observed Bankston make body movements consistent with hiding a weapon, a circumstance which distinguishes this case from J.L.
{¶ 17} We also uphold the investigative stop in this case because the anonymous tipster's report involved recently-fired gunshots. As this court emphasized in State v. Johnson (Oct. 23, 1997), Cuyahoga App. Nos. 71249 and 71250, "a report of recent gunshots must be taken into consideration under the totality of the circumstances test." We explained there that "the fact the tip reported recently fired gunshots increases the need for more immediate action by the police." The urgency inherent in a report of recently-fired gunshots here, as in Johnson, heightens the need for immediate action by the police and further supports the reasonable suspicion under the totality of circumstances.
{¶ 18} This case is also distinguishable from State v. Morrison
(2000), 138 Ohio App.3d 168, 740 N.E.2d 725, where, the police, after receiving an anonymous tip about a male wearing particular clothing and carrying a weapon in his pocket in a certain area, arrived at the area to find an individual matching that description and proceeded to order him to lie on the ground and subsequently seized a weapon from him. Our court, on the authority of J.L., reversed an earlier decision and held that the police did not have reasonable suspicion to justify the stop and search of that individual. There, as in J.L., the anonymous tip formed the sole basis of the suspicion of criminal activity, a circumstance different from the facts of this case.
{¶ 19} Bankston's reliance on Weisner is also misplaced. There, the court clarified that "where an officer making an investigative stoprelies solely upon a dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity." 87 Ohio St.3d at 298
(emphasis in original). As this holding is limited to situations where the police relied solely upon a dispatch, it is also inapposite here.
{¶ 20} On the basis of the foregoing, therefore, we overrule Bankston's assignment of error, uphold the court's denial of his motion to suppress evidence, and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and KENNETH A. ROCCO, J., CONCUR