JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Henry Fryerson appeals from his conviction after a bench trial for violation of R.C. 2923.12, carrying a concealed weapon.
 {¶ 2} Appellant argues his conviction must be reversed, claiming primarily that his trial counsel rendered ineffective assistance in failing to file a motion to suppress evidence. Appellant asserts such a motion was warranted under the circumstances of this case. Appellant further claims that, especially were a properly-filed motion to suppress evidence successful, his conviction was unsupported by either sufficient evidence or the weight of the evidence.
 {¶ 3} With appellant's claims in mind, this court has reviewed the record, but determines they lack merit. Consequently, appellant's conviction is affirmed.
 {¶ 4} Appellant's conviction results from an incident that occurred on October 15, 2002. Cleveland Fourth District Police officer Robert Strollo, a five-year veteran, was on patrol that day with his sergeant in a marked zone car. During their patrol, the two officers were "keeping an eye" on the area of East 136th Street and Crennell Avenue on the basis of a directive given to them earlier in the day by their commander. The commander had told them to be on alert because he had received an ongoing complaint that "Henry Fryerson" was "selling alcohol" there from a "maroon auto."
 {¶ 5} At approximately 1:45 p.m., Strollo was driving northbound on East 136th Street when he noticed in front of him a maroon auto parked between Crennell and Benwood Avenue. The auto contained a driver, later identified as appellant, and a front-seat passenger. A third man stood outside the auto close to the passenger window. When the third man looked over and saw the zone car, he abruptly walked away.
 {¶ 6} His action spurred movement inside the auto. The officers were stopping behind the vehicle when Strollo observed appellant furtively reach toward the center console, as though he were placing something there. Fearing for their safety, the officers remained vigilant as they exited their car and approached.
 {¶ 7} Each of the officers walked toward the auto from the rear. As Strollo, who was on the left side, passed the rear window, he saw inside on the seat an open container of alcohol. His eyes then continued to move toward the front, where appellant sat. Just before he reached the driver's window, Strollo could see protruding from the nearly-closed center console what appeared to be the metal handle of some item. Appellant sat with both an open container of alcohol and a package of styrofoam cups between his legs.
 {¶ 8} When Strollo arrived at the driver's window, he asked appellant his name. Appellant responded, "Henry Fryerson." At that point, Strollo requested appellant to step out of the auto. As appellant was patted-down, Strollo now could ascertain it was a gun handle that he had observed protruding from the center console armrest. He opened the console and discovered it contained a loaded .38 revolver.
 {¶ 9} The Cuyahoga County Grand Jury subsequently indicted appellant on one count of carrying a concealed weapon, R.C. 2923.12. Appellant received the services of assigned counsel, who, the record reflects, filed no discovery motions. Nevertheless, trial counsel participated in several pretrial hearings. Appellant eventually executed a waiver of his right to a jury trial; thus, the case was tried to the bench.
 {¶ 10} The state presented the testimony of Strollo and submitted into evidence the gun recovered from the auto in which appellant had been seated. The parties stipulated the gun was operable. At the conclusion of the evidence, the trial court found appellant guilty of the offense; it obtained a pre-sentence report before sentencing appellant to the sanction of a year of conditional community control.
 {¶ 11} In this timely appeal, appellant presents the following as his first of three assignments of error:
 {¶ 12} "I. Appellant was deprived of his right to effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution where his counsel failed to file a motion to suppress evidence obtained by an illegal search."
 {¶ 13} Appellant argues the circumstances of this case warranted a motion to suppress evidence. He contends his trial counsel rendered constitutionally ineffective assistance mainly in neglecting to file that particular pretrial motion. Neither appellant's argument nor his contention, however, is supported by the record.
 {¶ 14} Appellant's claim of ineffective assistance of counsel requires him to demonstrate that counsel not only fell below an objective standard of reasonable representation, but that he was prejudiced thereby. State v. Bradley (1989), 42 Ohio St.3d 136. Trial counsel is strongly presumed to have acted in a professional manner; this court may not second-guess trial counsel's decisions on matters of trial strategy.Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. Moreover, counsel is not required to perform vain acts. State v. Johnson (May 31, 2001), Cuyahoga App. No. 78305. Even in a case where a motion to suppress perhaps would be workable by some evidence, this court still grants trial counsel a presumption of effectiveness if the filing would have been a futile act.State v. Jones, Cuyahoga App. No. 80737, 2002-Ohio-6045.
 {¶ 15} Appellant argues this case warranted a motion to suppress by asserting Strollo's stop lacked a reasonable basis, because it came from an "anonymous tip." Standing alone, an anonymous tip is insufficient to support a reasonable suspicion of criminal activity which would justify an investigative stop. Florida v. J.L. (2000), 529 U.S. 266;Alabama v. White (1990), 496 U.S. 325; Maumee v. Weisner,87 Ohio St.3d 295, 1999-Ohio-68.
 {¶ 16} This case, however, presents a different situation. The order to monitor the vicinity of East 136th Street and Crennell Avenue came from Strollo's commanding officer, who had received an ongoing complaint that appellant had been selling alcohol there from his vehicle. The commander thus specified the street corner, the identity of the perpetrator, the particular illegality in which appellant had been seen engaging, and the color of the vehicle appellant drove.
 {¶ 17} Additionally, when the officers' car drew near the vicinity, the driver of the maroon auto reacted by making furtive movements suggestive of hiding a weapon. Finally, when Strollo approached the auto, he saw not only an open container of liquor inside, but the handle of an item protruding from the center console where the driver had made the furtive movements.
 {¶ 18} Thus, Strollo both corroborated the information gained from his commander, and observed body movements that together provided indicia of reliability sufficient to justify the investigatory stop under the totality of the circumstances. State v. Bankston, Cuyahoga App. No. 80378, 2002-Ohio-3446; cf., State v. Williams, Cuyahoga App. No. 81364,2003-Ohio-2656; State v. Morrison (2000), 138 Ohio App.3d 168. The evidence, therefore, did not justify a motion to suppress. Consequently, appellant cannot meet his burden to prove trial counsel failed an essential duty in neglecting to file it. State v. Jones, supra.
 {¶ 19} The record, indeed, supports a conclusion counsel's omission in this regard actually was tactical in nature. Counsel's defense theory was dual-natured. From his argument to the bench and his cross-examination, he obviously sought to absolve appellant of the felony offense of carrying a concealed weapon both by focusing on the defense contained in R.C. 2923.12(C)(4), and by extension suggesting appellant, at best, may have been guilty only of the misdemeanor offense of violating R.C. 2923.16, improperly handling a firearm in a motor vehicle.
 {¶ 20} A review of the complete record thus does not permit this court at this juncture to declare counsel's actions in presenting appellant's defense were either inappropriate or deficient; effective assistance of counsel does not guarantee favorable results. State v.Hart (1988), 57 Ohio App.3d 4. The record, instead, objectively supports a conclusion that trial counsel provided reasonable representation. Statev. Smith (1985), 17 Ohio St.3d 98.
 {¶ 21} Accordingly, appellant's first assignment of error is overruled.
 {¶ 22} Appellant's second and third assignments of error are addressed together as follows:
 {¶ 23} "II. The trial court erred in denying the defendant's Rule 29 (sic) motion when the state failed to offer evidence sufficient to sustain a conviction on the carrying a concealed weapon charge.
 {¶ 24} The trial court erred in its judgment because the verdict was against the weight of the evidence."
 {¶ 25} Appellant argues his conviction for carrying a concealed weapon is sustained by neither sufficient evidence nor the weight of the evidence. He thus contends the trial court should have granted his motions for acquittal and dismissed the case. His argument is unpersuasive.
 {¶ 26} A defendant's motions for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crimes has been proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 1997-Ohio-372;State v. Jenks (1991), 61 Ohio St.3d 259; State v. Bridgeman (1978),55 Ohio St.2d 261. The trial court is required to view the evidence in a light most favorable to the state. State v. Martin (1983),20 Ohio App.3d 172.
 {¶ 27} With regard to an appellate court's function in reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 175.
 {¶ 28} Thus, this court must be mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier-of-fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 29} Appellant in this case was charged with carrying a concealed weapon in violation of R.C. 2923.12, which forbids a person from knowingly having concealed ready at hand any deadly weapon. The mere presence of a person in the vicinity of an illegal object is not enough to support the element of possession contained in an offense, however, if the evidence demonstrates defendant was able to exercise dominion or control over the illegal object, the element is established. State v.Wolery (1976), 46 Ohio St.2d 316; cf., State v. Haynes (1971),25 Ohio St.2d 264.
 {¶ 30} In this case, Strollo's testimony provided evidence establishing every element of the offense of carrying a concealed weapon. Strollo stated appellant was in the driver's seat and made a movement as though placing something from his right hand into the center console of the auto. As Strollo came nearer, moreover, he could tell the item mostly covered by the center armrest had a handle, but he could not ascertain it was a firearm until appellant had been removed from the auto.
 {¶ 31} From this evidence, the trial court properly concluded appellant's guilt of violation of R.C. 2923.12 had been proven beyond a reasonable doubt. State v. Nelson (Feb. 26, 1998), Cuyahoga App. No. 72266. Moreover, the trial court reasonably determined Strollo's testimony was believable. Since appellant's conviction was sustained by both sufficient evidence and the weight of the evidence, appellant's second and third assignments of error also are overruled.
 {¶ 32} Appellant's conviction is affirmed.
Anne L. Kilbane, and Sean C. Gallagher, JJ., concur.
*Sitting by assignment, Judge James D. Sweeney, retired, of the Eighth District Court of Appeals.