JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Byron Kittrell, appeals his conviction for possession of drugs. Finding error in the trial court's ruling on defendant's motion to suppress, we vacate the conviction and remand.
 {¶ 2} Two police officers were driving patrol in the Central neighborhood when they received a radio dispatch that a black male dressed in black clothes was seen with a gun in the parking lot of 4908 Central. The officers arrived on the scene within thirty seconds and saw defendant, an African-American male, wearing black clothing and walking through the parking lot. Defendant had his hands in his pocket and did not respond when the officers told him to stop walking and to take his hands out of his pockets.
 {¶ 3} The officers then grabbed defendant and patted him down for their safety. In an upper pocket, they found an Altoids tin. The officer testified that the tin smelled of PCP, a street drug with a strong, distinctive odor. They handcuffed defendant and then opened the tin and found four dropper bottles, which later were determined to contain residue of PCP. The officers arrested defendant for violating drug laws.
 {¶ 4} Defendant filed a motion to suppress the bottles found in the search. The court held a suppression hearing at which the only witness was one of the arresting officers. The officer testified that although he had stopped defendant because defendant matched the description of the person in the dispatch, he did not have anything to authenticate the reliability of the party who made the report to dispatch. The officer also admitted that at the time he opened the Altoids tin, he was not in fear for his safety because defendant had already been handcuffed.
 {¶ 5} Denying the defendant's motion to suppress, the trial court stated:
The court will deny the motion to suppress. What we have here is a Terry Scott. The officers were responding to the broadcast apparently to the car to proceed to Central, 4908 Central where a black male in black clothing or dark clothing was located. I think he was the only one in the area, in that parking lot. He matched the description. He was at the location as it was radioed in. We don't have the Altoids box here, but, apparently, it's larger than the one that was submitted to the officer here in the courtroom; and it is a hard metal or tin type of box.
The question becomes, then, why would, upon discovery of that box, why would the police officers then open it, the box; would they be entitled to open the box. We have heard testimony here that the smell of PCP or the odor of PCP was evident once the box was located; and for that reason, the officers continued their search and their investigation and found the contraband.
So for those reasons, the motion to suppress will be denied.
Tr. at 25-26, underline in original.
 {¶ 6} The case proceeded to a jury trial and defendant was convicted. He filed this delayed appeal, stating two assignments of error. The first is dispositive of the appeal:
I. THE TRIAL COURT ERRED AND DENIED BYRON KITTRELL OF HIS CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES, WHEN IT DENIED HIS MOTION TO SUPPRESS ILLEGALLY SEIZED EVIDENCE.
 {¶ 7} Defendant claims that the drugs found on him should not have been admitted into evidence, because they were found in an unreasonable search. We agree.
 {¶ 8} In a unanimous decision, the United States Supreme Court ruled in a similar case that "an anonymous tip that a person is carrying a gun" is not, "without more, sufficient to justify a police officer's stop and frisk of that person."Florida v. J.L. (2000), 529 U.S. 266, 268. In J.L., the police had received an anonymous tip that a young black man wearing a plaid shirt standing at a bus stop was carrying a gun. They located the man at the bus stop, frisked him, and found a gun. Ruling that the police lacked sufficient cause to stop and search him, the U.S. Supreme court explained:
An accurate description of a subject's readily observable location and appearance is of course reliable in this limited sense: It will help the police correctly identify the person whom the tipster means to accuse. Such a tip, however, does not show that the tipster has knowledge of concealed criminal activity. The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person.
Id. at 272.
 {¶ 9} In order for that tip to be reliable, therefore, it must provide more than a mere description of the person's appearance and location. As in the case at bar, "[a]ll the police had to go on in [J.L.] was the bare report of an unknown, unaccountable informant who neither explained how he knew about the gun nor supplied any basis for believing he had inside information about J.L." Id. at 271. Thus the Supreme Court held that this limited information fell on the other side of the line of reliable anonymous tips.
 {¶ 10} In Morrison v. Ohio (2000), 529 U.S. 1050, the U.S. Supreme Court remanded to this court a case — a case with facts similar to those in the case at bar — for further consideration in light of the J.L. case. Originally, this court had found a reasonable suspicion for an investigatory stop based upon an anonymous informant who had stated that defendant was carrying a firearm, correctly predicted defendant's race, sex, and direction of travel, and further gave a detailed description of defendant's clothing. On remand, we reversed our earlier decision and observed: "The Supreme Court has clearly chosen to limit the situations where an investigatory stop may be premised on information received by an anonymous informant."138 Ohio App.3d 168, 170.
 {¶ 11} In J.L., the U.S. Supreme Court clarified a number of principles. The Court explained that an anonymous tip "can form the basis for reasonable suspicion only if accompanied by specific indicia of reliability, for example, the correct forecast of a subject's `not easily predicted' movements."Florida v. J.L. (2000), 529 U.S. 266, 269, quoting Alabama v.White, (1990) 496 U.S. 325, 332. It is not enough to corroborate "neutral details describing the suspect or other conditions * * *." State v. Ramsey. 1990 Ohio App. LEXIS 4120. In White,
supra at 329, however, the Supreme Court found the anonymous tip "suitably corroborated" when the tip asserted that a woman was carrying cocaine and predicted "she would leave an apartment building at a specified time, get into a car matching a particular description, and drive to a named motel." The Court concluded that the police observation "showed that the informant had accurately predicted the woman's movements * * *." Id. 332. In J.L., however, the Supreme Court added a caution that it considered the facts in White "borderline." The Court explained: "Knowledge about a person's future movements indicates some familiarity with that person's affairs, but having such knowledge does not necessarily imply that the informant knows, in particular, whether that person is carrying hidden contraband." The Court then expressly "classified White as a `close case'."J.L. at 271.
 {¶ 12} The J.L. Court explained that the "accurate description" of defendant's location and appearance helped the police correctly identify the person, but did not "show that the tipster has knowledge of concealed criminal activity." J.L. at 272. Similarly, in the case at bar, although there was information to reliably establish the identity of a specific person, there was no information to establish the reliability of the tip regarding likelihood of criminal activity.
 {¶ 13} At oral argument, the state argued that the police officer had reasonable suspicion to stop defendant because it "appeared that he might have been high on something." As defense counsel replied, however, "appearing high" is not a criminal act. Something more is needed, such as unruly behavior. The police admit, moreover, that they never would have bothered defendant if they had not received the radio report.
 {¶ 14} Finally, the state argued that the police ordered defendant to remove his hands from his pocket and he did not comply. Instead he just steadily kept walking. These details do not satisfy the criterion of reasonable suspicion, first, because this event comes too late. The police needed some reasonable suspicion before they could proceed to order defendant to remove his hands from his pocket. That order was not a reasonable inquiry; it initiated the stop itself.
 {¶ 15} Because the police lacked reasonable suspicion that defendant was engaged in an illegal activity, the initial stop was unconstitutional, and so, therefore, was the subsequent frisk; thus the drug evidence should have been suppressed.
 {¶ 16} Accordingly, the first assignment of error is sustained.
 {¶ 17} The second assignment of error is moot,[1]
because the conviction was vacated.
Conviction vacated, and case remanded.
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., Concurs.
 Calabrese, J., Dissents with Separate Dissenting Opinion.
[1] The second assignment of error states:
II. BYRON KITTRELL WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TOA TRIAL BEFORE A FAIR AND IMPARTIAL JURY BY THE INTRODUCTION OFIMPROPER OTHER ACTS EVIDENCE IN HIS TRIAL.
 DISSENTING OPINION