[Cite as *State v. Ward*, 2012-Ohio-3446.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO, :

       Plaintiff-Appellee,       :       Case No: 10CA3370

       v.       :

                      :       <u>DECISION AND</u>

KEITH WARD,       :       <u>JUDGMENT ENTRY</u>

       Defendant-Appellant.       :       July 27, 2012

<u>APPEARANCES:</u>

Bryan Scott Hicks, Lebanon, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecutor, Portsmouth, Ohio, for Appellee.

Kline, J.:

    **{¶1}**   Keith Ward (hereinafter "Ward") appeals the judgment of the Scioto County Court of Common Pleas, which convicted him of numerous crimes related to the robbery of a pharmacy. On appeal, Ward contends that his trial counsel was ineffective for failing to file a motion to suppress. Because Ward cannot prove that there was a basis to suppress the evidence in question, we disagree. Accordingly, we overrule Ward's assignments of error and affirm the judgment of the trial court.

I.

    **{¶2}**   On March 9, 2010, David Nelson (hereinafter "Nelson") robbed Gahm's pharmacy in West Portsmouth, Ohio. After being apprehended, Nelson implicated

Ward as the getaway driver. Ward was then located and placed into custody in Lancaster, Ohio.

{¶3} On March 15, 2010, Detective Jodi Conkel traveled to Lancaster to transport Ward back to Scioto County. Detective Conkel retrieved Ward, placed him in her vehicle, and gave Ward his *Miranda* warnings. There is no evidence that Ward acknowledged an understanding of his *Miranda* rights at that time. Nevertheless, during the drive back to Scioto County, Ward gave an unrecorded statement that implicated himself as a willing participant in the robbery of Gahm's pharmacy.

{¶4} The following morning, Detective Conkel interviewed Ward at the Scioto County Sheriff's Office. This time, the interview was recorded, and Ward acknowledged that he understood his *Miranda* rights. But during the March 16, 2010 interview, Ward denied being a willing participant in the robbery of Gahm's pharmacy. Instead, Ward claimed that Nelson forced him to participate.

{¶5} Based on the incident at Gahm's pharmacy, a Scioto County Grand Jury returned a ten-count indictment against Ward.

{¶6} On May 4, 2010, the state filed a response to Ward's request for discovery. The state's response included information about both of Ward's statements to Detective Conkel -- the one on March 15, 2010, and the one on March 16, 2010.

{¶7} At Ward's jury trial, Detective Conkel testified about Ward's two different statements. Other witnesses also testified on the state's behalf. And eventually, the jury found Ward guilty of all ten counts. Later, after merging the appropriate counts, the trial court sentenced Ward accordingly.

{¶8}    Ward appeals and asserts the following assignments of error: I. "THE DEFENDANT WAS INEFFECTIVELY REPRESENTED AS DEFENSE COUNSEL DID NOT FILE A MOTION TO SUPPRESS THE CAR 'STATEMENT.'"  And II. "HAD DEFENSE COUNSEL FILED A MOTION TO SUPPRESS, THE CAR 'STATEMENT' SHOULD HAVE BEEN SUPPRESSED AS THERE WAS NO EVIDENCE PRESENTED THAT IT WAS A KNOWING, INTELLIGENT, AND VOLUNTARY WAIVER OF WARD'S CONSTITUTIONAL RIGHTS[.]"

II.

{¶9}    Ward's two assignments of error address the same fundamental issue. Therefore, we will address his assignments of error together.  Ward contends that his March 15, 2010 statement to Detective Conkel should have been suppressed.  And because his trial counsel did not file a motion to suppress the March 15, 2010 statement, Ward claims that he received ineffective assistance of counsel.  We find, however, that Ward cannot prove that there was a basis to suppress the March 15, 2010 statement.  Therefore, Ward has failed to demonstrate that his trial counsel was ineffective.

{¶10}   "In Ohio, a properly licensed attorney is presumed competent. * * * The appellant bears the burden of proving that his trial counsel was ineffective."  *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988); *accord State v. Norman*, 4th Dist. Nos. 08CA3059 & 08CA3066, 2009-Ohio-5458, ¶ 65.  To secure reversal for the ineffective assistance of counsel, one must show two things: (1) "that counsel's performance was deficient * * *[,]" which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

the Sixth Amendment[;]" and (2) "that the deficient performance prejudiced the defense * * *[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Norman* at ¶ 65. "Failure to satisfy either prong is fatal as the accused's burden requires proof of both elements." *State v. Hall*, 4th Dist. No. 07CA837, 2007–Ohio–6091, ¶ 11, citing *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205.

**{¶11}** Ward bases his ineffective-assistance-of-counsel claim on *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Essentially, Ward argues that the March 15, 2010 statement would have been suppressed because there was no evidence that he acknowledged understanding his *Miranda* rights. Ward's argument relies upon the United States Supreme Court's decision in *Tague v. Louisiana*, 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622 (1980). In *Tague*, the defendant filed a motion to suppress a statement that he gave to law enforcement. The trial court denied the defendant's motion, but the United States Supreme Court held the following: "In this case no evidence at all was introduced to prove that petitioner knowingly and intelligently waived his rights before making the inculpatory statement. The statement was therefore inadmissible." *Id.* at 471. More recently, the United States Supreme Court stated the following: "If the State establishes that a *Miranda* warning was given and the accused made an uncoerced statement, this showing, standing alone, is insufficient to demonstrate 'a valid waiver' of *Miranda* rights. The prosecution must make the additional showing that the accused understood these rights." (Internal

citation omitted.)  *Berghuis v. Thompkins*, 560 U.S. ___, 130 S.Ct. 2250, 2261, 176 L.Ed.2d 1098 (2010).

**{¶12}**  Because there was no evidence that Ward acknowledged understanding his *Miranda* rights, Ward argues that he could not have voluntarily, knowingly, and intelligently waived those rights.  Therefore, Ward claims that his March 15, 2010 statement to Detective Conkel would have been suppressed *if* his trial counsel had filed the appropriate motion.  But, under *Miranda*, law enforcement officers are not required to ask "whether a suspect understands his or her rights[.]"  *State v. Lather*, 110 Ohio St.3d 270, 2006-Ohio-4477, 853 N.E.2d 279, ¶ 13.  Furthermore, the Supreme Court of Ohio has held

> that a court may infer from the totality of the circumstances
> that a defendant voluntarily, knowingly, and intelligently
> waived his rights.  *State v. Clark* (1988), 38 Ohio St.3d 252,
> 261, 527 N.E.2d 844, 853; *State v. Gapen*, 104 Ohio St.3d
> 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 52.  The totality of
> the circumstances includes "'e.g., the age, mentality, and
> prior criminal experience of the accused; the length,
> intensity, and frequency of interrogation; the existence of
> physical deprivation or mistreatment; and the existence of
> threat or inducement.'"  *State v. Dixon*, 101 Ohio St.3d 328,
> 2004-Ohio-1585, 805 N.E.2d 1042, ¶ 25, quoting *State v.
> Eley* (1996), 77 Ohio St.3d 174, 178, 672 N.E.2d 640.  By
> definition of "totality," a court is to look to *all* of the evidence

to determine a suspect's understanding, which can be

implied by his conduct and the situation.  (Emphasis sic.)

*Lather* at ¶ 9.

**{¶13}** With an understanding of the totality-of-the-circumstances approach, we note that "[f]ailing to file a motion to suppress does not constitute ineffective assistance of counsel per se." *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000). Instead, "[t]o establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question." *Brown* at ¶ 65, citing *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 35.

**{¶14}** Here, after considering the totality of the circumstances, we find the following: Ward cannot prove that there was a basis to suppress his March 15, 2010 statement to Detective Conkel.  If Ward's trial counsel had filed a motion to suppress, we believe the state could have demonstrated that Ward understood his *Miranda* rights. First, Ward has an extensive felony record -- the prosecutor, in fact, called it the worst he had "seen in 16 years of being prosecutor."  Transcript at 349.  This is significant because "previous contact with police" is a factor for determining whether suspects understood their *Miranda* rights.  *See Lather* at ¶ 13.  Next, there is no evidence "to suggest that [Ward] was intellectually or emotionally impaired so as to affect his ability to understand his rights as they were presented to him by [Detective Conkel]." *See State v. Smith*, 2d Dist. No. 2004 CA 90, 2005-Ohio-3757, ¶ 21.  And finally, in giving his March 16, 2010 statement, Ward acknowledged that he understood his *Miranda*

rights. There is no evidence that law enforcement officials did anything special on or before March 16, 2010, to assist Ward in understanding his *Miranda* rights, and Ward has not even attempted to explain away this seemingly implausible scenario -- that is, the implausibility of failing to understand the *Miranda* rights one day but, with no further assistance, understanding those same rights the very next day. Accordingly, the totality of the circumstances demonstrates that Ward understood his *Miranda* rights before giving the March 15, 2010 statement. "The evidence, therefore, did not justify a motion to suppress. Consequently, appellant cannot meet his burden to prove trial counsel failed an essential duty in neglecting to file it." *State v. Fryerson*, 8th Dist. No. 82940, 2003-Ohio-6041, ¶ 18.

{¶15} Accordingly, because Ward cannot demonstrate ineffective assistance of counsel, we overrule Ward's two assignments of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Harsha, J. and McFarland, J.: Concur in Judgment & Opinion.


For the Court


BY:_____
            Roger L. Kline, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**