THE STATE OF OHIO, APPELLANT, *v.* LATHER, APPELLEE.

[Cite as *State v. Lather,* 110 Ohio St.3d 270, 2006-Ohio-4477.]

(No. 2005–0400—Submitted February 7, 2006—Decided September 13, 2006.)

_____

LANZINGER, J.

{¶ 1} In this case, which we accepted as a discretionary appeal, the issue is whether a defendant's understanding of *Miranda* rights may be implied or must instead be stated explicitly. We hold that a suspect need not be asked directly whether he or she understands *Miranda* rights but that an understanding waiver of those rights may be inferred from the totality of the circumstances.

## Factual background

{¶ 2} The appellee, Michael Anthony Lather Jr., was arrested in Fremont, Ohio for trafficking in crack cocaine. He was taken to the Fremont Police Department. After receiving *Miranda* warnings from Officer Timothy J. Woolf, Lather signed a form stating that he understood those rights and wished to waive them. He then gave a statement.

{¶ 3} Two weeks later, as a result of an unrelated drug investigation, Lather's residence was searched by the Ottawa County Sheriff's Department. Lather was detained at his apartment by Woolf, who read him the *Miranda* warnings but did not ask Lather explicitly whether he understood those rights. After first verifying with Woolf that Lather had been given the appropriate warnings, Detective Douglas St. Clair of the Ottawa County Sheriff's Department asked Lather whether he owned a digital scale that was found during the search. Lather said that the scale had been left by the previous renter. During the search, two more scales were found, and St. Clair asked Lather whether they were his. Lather responded that the scales were the property of the prior renter and that they did not work.

{¶ 4} After being indicted for trafficking in crack cocaine, Lather filed a motion to suppress his two statements to law enforcement and the evidence found during the search of his apartment. The trial court, after a hearing, denied the motion. Lather was convicted of the trafficking charge and appealed. The Court of Appeals for Sandusky County reversed Lather's conviction and remanded the cause for a new trial on grounds that "in order for [Lather] to, at minimum, impliedly waive his *Miranda* rights, it must be shown that he understood those rights. Such an understanding may not be presumed." *State v. Lather*, 6th Dist. No. S–03–008, 2005-Ohio-668, 2005 WL 388702, at ¶ 40.

{¶ 5} In this appeal, the state of Ohio raises one proposition of law: "A Miranda waiver is valid where after reading the warnings to the accused, officers did not explicitly ask if defendant understood the rights, under circumstances that indicated the accused actually understood those rights and voluntarily waived them." We reverse the judgment of the court of appeals and hold that a suspect need not be asked directly whether he or she understands the *Miranda* warnings before an understanding waiver of *Miranda* rights may be inferred from the totality of the circumstances.

## Legal analysis

{¶ 6} A suspect in police custody "must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any

questioning if he so desires." *Miranda v. Arizona* (1966), 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694.

{¶ 7} Of course, one may waive or relinquish a known right. In the context of *Miranda*, the United States Supreme Court has explained the two aspects of waiver. "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the 'totality of the circumstances surrounding the interrogation' reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Moran v. Burbine* (1986), 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410, quoting *Fare v. Michael C.* (1979), 442 U.S. 707, 725, 99 S.Ct. 2560, 61 L.Ed.2d 197.

{¶ 8} We have also recognized that to meet the first aspect of a voluntary waiver, the waiver must be noncoercive. "A suspect's decision to waive his Fifth Amendment privilege against compulsory self-incrimination is made voluntarily absent evidence that his will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct." *State v. Dailey* (1990), 53 Ohio St.3d 88, 559 N.E.2d 459, at paragraph two of the syllabus. There is no coercion alleged in Lather's case. Instead, this case involves the second aspect of the waiver test, whether the waiver was made with full awareness.

{¶ 9} The court of appeals reversed the conviction and remanded Lather's case for a new trial because it did not see explicit evidence that Lather had understood his rights. The court held that understanding could not be "presumed." We have held, however, that a court may infer from the totality of the circumstances that a defendant voluntarily, knowingly, and intelligently waived his rights. *State v. Clark* (1988), 38 Ohio St.3d 252, 261, 527 N.E.2d 844, 853; *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 52. The totality of the circumstances includes " 'e.g., the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement.' " *State v. Dixon*, 101 Ohio St.3d 328, 2004-Ohio-1585, 805 N.E.2d 1042, ¶ 25, quoting *State v. Eley* (1996), 77 Ohio St.3d 174, 178, 672 N.E.2d 640. By definition of "totality," a court is to look to *all* of the evidence to determine a suspect's understanding, which can be implied by his conduct and the situation.

{¶ 10} We have already held that *Miranda* warnings were proper and the confession was voluntary when a suspect was advised of his *Miranda* rights but never asked for a further explanation of them. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, at ¶ 71–72. In *Foust*, we found significant

that the suspect appeared to be mentally alert, that he was not under the influence of drugs or alcohol at the time of the interview, and that he stated during the police interview that he had completed a GED course and had the highest score in his class. Id. at ¶ 73. The totality of the circumstances supported the validity of waiver.

{¶ 11} We also indicated in *State v. Murphy* (2001), 91 Ohio St.3d 516, 518, 747 N.E.2d 765, that "[i]t is settled law that a *Miranda* waiver need not be expressly made in order to be valid. *North Carolina v. Butler* (1979), 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286, 292. A court may infer a waiver from the suspect's behavior, viewed in light of all the surrounding circumstances."

{¶ 12} In a situation similar to Lather's, the Court of Appeals for the Fourth Circuit concluded that the defendant had made an intelligent, knowing, and voluntary waiver even though he did not make a statement—written or oral—that he understood his rights. *United States v. Hayes* (C.A.4, 1967), 385 F.2d 375, 377–378. In reaching its conclusion, the court examined the totality of the circumstances surrounding the defendant's statements, relying on the lack of any allegation of coercion and the defendant's mental alertness at the time of his arrest.

{¶ 13} Although it may not seem overly burdensome, and perhaps would be better practice, for law enforcement officers to ask specifically whether a suspect understands his or her rights, *Miranda* does not require it. A court must review the totality of the circumstances in the case to determine whether a waiver of rights has occurred. These circumstances may include the suspect's level of education, previous contact with police, and any other factor deemed by the court to be relevant, including the substance of the statement itself.

{¶ 14} On the day he was detained at his apartment, Lather was 26 years old. He was well educated: he graduated from Fremont Ross High School in 1994, went to Terra Community College for two semesters, and majored in business management. Lather testified that he was familiar with the *Miranda* warnings. He had a criminal record and a number of contacts with law enforcement. He had been read his *Miranda* warnings two weeks before, had signed a form stating that he understood his rights and wished to waive them, and then had given a statement to police. On the day he was detained at his home, Lather was sober and did not ask for a further explanation or protest that he did not understand his rights. The statements that he did make were intended to exculpate him or at least lessen his culpability. From this evidence of the totality of the circumstances, the trial court could infer that a valid waiver of Lather's *Miranda* rights had occurred. An understanding waiver of *Miranda* rights may be inferred from the totality of the circumstances.

{¶ 15} Finding that the court of appeals erred, we reverse the judgment of the Sixth District Court of Appeals and remand the cause for further proceedings.

Judgment reversed
and cause remanded.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., concurs in judgment only.

---

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and John P. Kolesar, Assistant Prosecuting Attorney, for appellant.

Michael W. Sandwisch, for appellee.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, and F.E. Crawford, Deputy Solicitor, urging reversal for amicus curiae Ohio Attorney General.

William F. Schenck, Greene County Prosecuting Attorney, and Eric A. Baum, Assistant Lucas County Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.

Franke Macke Co., L.P.A., and Jason A. Macke; David H. Bodiker, Ohio Public Defender, John A. Bay, Chief Counsel, Legal Division, and James R. Foley, Assistant State Public Defender, urging affirmance for amici curiae Ohio Association of Criminal Defense Lawyers and Ohio Public Defender.