The STATE of Ohio, Appellee,

v.

LATHER, Appellant.

[Cite as *State v. Lather*, 171 Ohio App.3d 708, 2007-Ohio-2399.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–03–008.

Decided May 18, 2007.

</div>

710

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and John P. Kolesar, Assistant Prosecuting Attorney, for appellee.

Michael W. Sandwisch, for appellant.

PIETRYKOWSKI, Presiding Judge.

{¶ 1} This matter is before the court on remand from the Supreme Court of Ohio following the court's reversal of our decision in *State v. Lather*, 6th Dist. No. S–03–008, 2005-Ohio-668, 2005 WL 388702. See *State v. Lather*, 110 Ohio St.3d 270, 2006-Ohio-4477, 853 N.E.2d 279. The Supreme Court of Ohio remanded the cause to this court and has ordered that we rule on appellant's five remaining assignments of error presented in his direct appeal.

{¶ 2} The procedural history and facts of this case are detailed in our prior decision and will be referred to only when necessary. Appellant's remaining assignments of error, assignments of error Nos. 2 through 6 are as follows:

{¶ 3} "(2) The trial court erred to the prejudice of the defendant in calling as the court's witness, Jeffrey Moore, at the request of the prosecuting attorney.

{¶ 4} "(3) The ruling of the trial court denying the defendant's motion for acquittal was erroneous and the verdict of the jury was against the manifest weight of the evidence.

{¶ 5} "(4) The trial court erred to the prejudice of the defendant in admitting evidence regarding other unrelated acts regarding the alleged conduct of the defendant that allegedly occurred subsequent in time to the arrest of the defendant herein, which denied the defendant a fair trial.

{¶ 6} "(5) The conduct and demeanor of the trial judge during the defendant's trial in the presence of the jury were prejudicial to the defendant and denied the defendant a fair trial.

{¶ 7} "(6) The trial court erred to the prejudice of the defendant in failing to hold a hearing to determine his ability to pay the mandatory drug fine when the trial court previously found the defendant to be indigent for purposes of court-appointed counsel."

{¶ 8} In appellant's second assignment of error, he contends that the trial court erred when it called Jeffrey Moore as a witness at the request of the state. Appellant contends that contrary Evid.R. 614, the issue was not one of impeachment; rather, it was "whether or not Mr. Moore's recollection was being refreshed" and that the prior statement did not even identify appellant as the person who sold Moore the crack cocaine.

{¶ 9} Evid.R. 614(A) provides:

{¶ 10} "Calling by court. The court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called."

{¶ 11} A court's decision whether to call its own witnesses is left to the court's sound discretion. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. A trial court does not abuse its discretion by calling a witness as the court's witness when the witness's testimony would aid in determining the truth of the matter and there is some indication that the witness's trial testimony will contradict a prior statement made to police. *State v. Schultz*, 11th Dist. No. 2003–L–156, 2005-Ohio-345, 2005 WL 238153, ¶ 29.

{¶ 12} In the present case, the state moved to have the court call Moore as a witness for the purpose of impeaching him with his prior audiotaped statement to police. During direct examination, Moore denied identifying appellant as the person who sold him crack cocaine; however, during the police interview he stated that a man named "Mike" sold him the crack cocaine and that

Mike lived in Fremont even though his license plate indicated Cuyahoga County. Accordingly, we find that the trial court did not abuse its discretion when it called Moore as its witness. Appellant's second assignment of error is not well taken.

{¶ 13} In appellant's third assignment of error, he argues that the court should have granted appellant's Crim.R. 29 motion for acquittal and that the evidence was against the manifest weight of the evidence.

 {¶ 14} Crim.R. 29(A) provides that the trial court shall enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, "the test an appellate court must apply when reviewing a challenge based on a denial of a motion for acquittal is the same as in reviewing a challenge based upon on the sufficiency of the evidence to support a conviction." *State v. Thompson* (1998), 127 Ohio App.3d 511, 525, 713 N.E.2d 456.

 {¶ 15} With regard to appellant's claim that the verdict was against the weight of the evidence, the Ohio Supreme Court has ruled that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. "Sufficiency" pertains to a question of law as to whether the evidence is legally adequate, as to all the elements of the crime, to support a jury verdict. Id. Reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. However, under a manifest-weight standard, an appellate court sits as the "thirteenth juror" and may disagree with the factfinder's resolution of the conflicting testimony. *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. The appellate court, " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " Id., quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. While an appellate court may determine that a judgment is sustained by sufficient evidence, it may still conclude that the judgment is against the weight of the evidence. Id.

{¶ 16} Appellant was charged with one count of trafficking in crack cocaine, in violation of R.C. 2925.03(A)(1), (C)(4)(f), a first-degree felony. The count also included two specifications: (1) forfeiture of the 1988 BMW vehicle allegedly used

in the commission of the offense and (2) forfeiture of $3,143 in cash that was allegedly derived from the commission of the offense. The elements of the offense are knowingly selling crack cocaine in an amount exceeding 25 grams but less than 100 grams.

{¶ 17} This court has again read through the trial transcript in this case. Admittedly, the testimony is rife with contradictions and several of the lay witnesses have criminal histories. However, we cannot say that the jury lost its way in resolving the conflicts in evidence and finding appellant guilty.

{¶ 18} State's witness Larry Wayne Jones testified that Jeffrey Moore came to his home; Moore made a telephone call from Jones's home. Jones testified that he heard Moore mention a sum of money ($1,500 or $2,500.) At some point thereafter, appellant arrived at Jones's home driving a white BMW. Jones testified that he was not outside with the two men but that appellant stayed for approximately five to ten minutes.

{¶ 19} Shortly after leaving Jones's home, Jeffrey Moore was stopped by officers from the Erie County Drug Task Force; the officers had followed him to Jones's residence because they suspected illegal drug activity. The officers found in excess of two ounces of crack cocaine. Although he denied the statements at trial, when Jeffrey Moore was interviewed by police he stated that he purchased crack cocaine from an person named "Mike" who was driving a white BMW with a Cuyahoga County license plate, though he lived in Fremont.

{¶ 20} Later that day, appellant was stopped in a white BMW, with a Cuyahoga County license plate, for his involvement in the incident. On August 31, 2001, Fremont police officers executed a search warrant of appellant's home and recovered three digital scales.

{¶ 21} Based on the foregoing, we find that appellant's conviction for trafficking in crack cocaine was supported by sufficient evidence and was not against the weight of the evidence. Appellant's third assignment of error is not well taken.

{¶ 22} In appellant's fourth assignment of error, he contends that the trial court erroneously permitted, in denying his motion in limine, the state to question its witnesses regarding appellant's reputation for drug dealing and commission of other charged and non-charged drug offenses in Ottawa County. In particular, appellant contends that the testimony of Detectives St. Clair and Woolf regarding his August 31, 2001 arrest was not relevant to the August 17, 2001 incident (which was the issue before the jury) and was prejudicial. On August 31, 2001, the Ottawa County Sheriff's Department executed a search warrant at appellant's residence and seized three digital scales.

{¶ 23} Questions regarding the admissibility of evidence are left to the sound discretion of the trial court and will not be reversed absent a showing of an abuse of discretion. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. Evid.R. 403 provides that relevant evidence is not admissible "if its probative value is substantially outweighed by the danger of unfair prejudice." Evid.R. 404(B) states:

{¶ 24} "Evidence of the other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶ 25} Similarly, R.C. 2945.59 provides:

{¶ 26} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

{¶ 27} The events in question occurred two weeks apart, and the events of August 17, 2001, were included on the affidavit for the search warrant. The state presented the digital scales as evidence of appellant's identity, plan, or intent that he was engaged in drug trafficking. Accordingly, we cannot say that the trial court abused its discretion when it denied appellant's motion in limine. Appellant's fourth assignment of error is not well taken.

{¶ 28} Appellant contends, in his fifth assignment of error, that the conduct and demeanor of the trial judge was prejudicial and denied appellant a fair trial. Regarding bias of the trial court:

{¶ 29} "It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law. We have described judicial bias as 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" (Citations omitted.) *State v. LaMar,* 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34, quoting *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 58 O.O. 315, 132 N.E.2d 191, paragraph four of the syllabus.

{¶ 30} Appellant, in support of his argument that the trial court's conduct was prejudicial, cites *Mentor-on-the-Lake v. Giffin* (1995), 105 Ohio App.3d 441, 664 N.E.2d 557. In *Giffin*, the trial court extensively questioned several defense witnesses pursuant to Evid.R. 614. The court interjected commentary and, at times, answered its own questions. (At one point, the court sustained its own objection.) The court also interrupted the questioning of defense and prosecution witnesses.

{¶ 31} In this case, appellant has listed approximately 23 instances of alleged misconduct. After reading the trial transcript and, with particularity, the portions cited by appellant, we cannot say that the trial court's attitude, comments, or behavior rose to the level of misconduct as was demonstrated in *Giffin*. While it is apparent that the court was frustrated with some of the witnesses and, quite possibly, the fact that the case was being retried, the discussions between the court and counsel were made outside the presence of the jury and did not appear to be improperly biased in favor of the state. Appellant's fifth assignment of error is not well taken.

{¶ 32} In his sixth and final assignment of error, appellant contends that the trial court erroneously failed to conduct a hearing to determine his ability to pay the mandatory drug-related offense fine. The state counters that we should affirm the court's imposition of the $7,500 fine because appellant did not transcribe the sentencing hearing for our review, he failed to object at sentencing, and he failed to file an affidavit of indigency prior to the sentencing hearing.

{¶ 33} R.C. 2929.18(B)(1) provides:

{¶ 34} "For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

{¶ 35} While we agree that appellant was found to be indigent for purposes of appointing counsel, it does not necessarily follow that he was indigent for purposes of the fine. See *State v. Gipson* (1998), 80 Ohio St.3d 626, 687 N.E.2d 750. In *Gipson*, the Ohio Supreme Court held that the requirement that an affidavit must be filed with the court prior to sentencing means that "the affidavit must be delivered to the clerk of court for purposes of filing and must be

indorsed by the clerk of court, i.e., time-stamped, prior to the filing of the journal entry reflecting the trial court's sentencing decision." Id. at syllabus.

{¶ 36} Appellant does not assert that he filed an affidavit declaring his indigency and inability to pay the mandatory fine prior to his February 3, 2003 sentencing. Appellant, pro se, first filed a motion to vacate the fine, with an affidavit of indigency, on June 18, 2003, over four months after sentencing. Further, absent a transcript of the sentencing hearing, this court has no means to review whether any discussion was had regarding appellant's future ability to pay the fine. Accordingly, we find that appellant's sixth assignment of error is not well taken, and it is denied.

{¶ 37} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed.

Judgment affirmed.

HANDWORK and SINGER, JJ., concur.