[Cite as *State v. Farless*, 2016-Ohio-1571.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                          Court of Appeals Nos. L-15-1060
                                                                                      L-15-1061
        Appellee

                                        Trial Court No. CR0201402772
v.                                                                                     CR0201402689

Brett Farless                                         **DECISION AND JUDGMENT**

        Appellant                                 Decided:  April 15, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Jennifer M. Lambdin, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Golf, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Brett Farless, appeals from two February 4, 2015 judgments of

the Lucas County Court of Common Pleas in case Nos. CR0201402689 and

CR0201402772.  In both judgments, appellant was convicted and sentenced following the

entry of a guilty plea to two counts of burglary.  Appellant was sentenced to 16 years of

imprisonment, 4 years on each count to be served consecutively in an Ohio Department of Rehabilitation and Corrections facility. On appeal, he asserts the following assignments of error:

FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT COMMITTED ERROR TO THE PREJUDICE OF APPELLANT BY IMPOSING COURT COSTS AND FINANCIAL SANCTIONS WITHOUT CONSIDERATION OF APPELLANT'S PRESENT OR FUTURE ABILITY TO PAY.

SECOND ASSIGNMENT OF ERROR: APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶ 2} Appellant's two assignments of error will be addressed together so that each cost or financial sanction may be addressed separately. In his first assignment of error, appellant argues the trial court erred as a matter of law by imposing court costs and financial sanctions without first determining that he had the ability to pay based on a meaningful inquiry or consideration of the fact that he had been sentenced to 16 years of imprisonment.

{¶ 3} At the sentencing hearing and in its sentencing judgments, the court found appellant "ha[d], or reasonably could be expected to have, the means to pay all or part of

2.

the applicable costs of supervision, confinement, assigned counsel, and prosecution" pursuant to R.C. 9.92(C), 2929.18, and 2951.021, and restitution to the victims in the amounts of $180, $3,500, and $260.

{¶ 4} Our standard of review on this issue is whether the imposition of costs and financial sanctions was contrary to law. R.C. 2953.08(A)(4) and (G)(2)(b). *State v. Collins*, 2015-Ohio-3710, 41 N.E.3d 899, ¶ 31 (12th Dist.).

{¶ 5} In his second assignment of error, appellant argues his counsel rendered ineffective assistance by failing to object to the imposition of costs and financial sanctions. To establish a claim of ineffective assistance of appointed counsel, the defendant must show that his counsel's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and "prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Generally, when the action of counsel amounts to a trial tactic, it cannot later be used in a challenge that the trial counsel rendered ineffective assistance of counsel. *Strickland* at 689; *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 116.

Some of the costs imposed by the court are mandatory and must be imposed regardless of whether the defendant has the ability to pay the cost. R.C. 9.92(C) requires the court to impose a cost for the citizens reward program without consideration of whether the defendant had the ability to pay the cost. *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 12. Therefore, the trial court did not err by imposing this

3.

cost and appellant's counsel did not have this cost remitted to him pursuant to the statute. Appellant has not shown a reasonable probability the court would have remitted the cost to him.

{¶ 6} R.C. 2947.23(A)(1)(a) provides that the trial court shall include in every sentencing judgment the costs of prosecution without consideration of whether the defendant has the ability to pay such costs. *State v. Rohda*, 6th Dist. No. F-06-007, 2006-Ohio-6291, ¶ 13. Therefore, we find the trial court did not err by imposing the costs of prosecution.

{¶ 7} If the offender files a motion for waiver of *payment* of the court costs, the trial court has the discretion to waive payment of court costs. R.C. 2942.092; *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11. Appellant did not file a motion for a waiver. However, R.C. 2947.23(C) provides that the trial court retains jurisdiction to address the waiver, suspension, or modification of the payment of the court costs. Therefore, the defendant does not need to move at the time of sentencing for waiver of the payment of costs. *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 12-16. The decision of whether to seek a waiver at the time of sentencing or a later date is a matter of strategy and cannot be reviewed on appeal. *State v. Pultz*, 6th Dist. Wood No. WD-14-083, 2016-Ohio-329.

{¶ 8} R.C. 2921.18(A)(1) permits the trial court to order restitution as a financial sanction based on evidence in the record of the actual economic loss suffered by the victim that was directly and proximately caused by the offense. *State v. Welden*, 12th

4.

Dist. Warren No. CA2011-01-005, 2011-Ohio-4345, ¶ 19-21. However, in this case, appellant agreed in the plea agreement to make full restitution to both victims in the amount to be determined by the trial court. At the time of the sentencing hearing, the parties stipulated to the restitution amount. We find, therefore, the trial court did not err by imposing this financial sanction pursuant to the plea agreement. R.C. 2953.08(D)(1); *State v. Burns*, 2012-Ohio-4191, 976 N.E.2d 969, ¶ 20 (6th Dist.); *State v. Dahms*, 6th Dist. Sandusky No. S-11-028, 2012-Ohio-3181, ¶ 17. Again, we find there was no basis on which appellant's counsel could have objected.

{¶ 9} R.C. 2929.18(A)(5)(a)(ii) requires that the trial court impose against all convicted defendants a financial sanction for the costs of confinement in a state institution to the extent he is able to pay. R.C. 2929.19(B)(5) also requires the trial court to consider the defendant's present and future ability to pay any financial sanction.

{¶ 10} Likewise, R.C. 2941.51(D) provides that the cost of appointed counsel must be paid by the county as approved by the court. The court can order the defendant to pay all or a part of the cost of appointed counsel but only if the court determines that the offender "has, or reasonably may be expected to have, the means to meet some part of the costs of the services rendered." *Id*.

{¶ 11} Because of our limited review under R.C. 2953.08(G)(2)(b), we review only whether there was evidence in the record that the court considered the defendant's ability to pay the cost of confinement and appointed counsel. *State v. Beach*, 2015-Ohio-3445, 41 N.E.3d 187, ¶ 54 (9th Dist.); *State v. Jackson*, 2015-Ohio-2473, 38 N.E.3d 407,

5.

¶ 79 (9th Dist.); *State v. Jones*, 6th Dist. Lucas No. L-13-1193, 2015-Ohio-629, ¶ 40; *State v. Cooper*, 6th Dist. Lucas No. L-12-1296, 2014-Ohio-1294, ¶ 29.

{¶ 12} Appellee argues that appellant will be able to work while serving his sentence in prison and up to 25 percent of his income can be used to pay for the costs of confinement and the payment of court-ordered restitution to the victims. R.C. 5145.16(C)(8)(a) and (b)(i). This would be a sufficient consideration except that there is no indication in the record that this fact was even considered by the court.

{¶ 13} The trial court in this case stated that it had considered the issue and found appellant "ha[d], or reasonably could be expected to have, the means to pay all or part of the applicable costs."

{¶ 14} Upon a review of the evidence, we find there was no evidence before the court that appellant had any present ability to pay the cost of confinement or the cost of appointed counsel. During the sentencing hearing the court noted that appellant had a history, beginning in his teenage years, of alcohol abuse and drug abuse. Appellant indicated a desire to participate in a drug treatment program but his insurance did not cover the cost. He has a history of misdemeanor theft-related offenses of primarily elderly people to finance his addictions. Until the time of his arrest, appellant had been living off family support and part-time jobs for three years. He had been diagnosed with mental health disorders but did not take the prescribed medicine because of the cost. At the time of the current offenses, he was living with friends and at hotels. Appellant was

6.

found indigent by the trial court and counsel was appointed to represent appellant during the trial proceedings and on appeal.

{¶ 15} However, as to his future ability to earn income, there was evidence appellant is a healthy 29-year-old man, although he had problems standing for long periods of time due to having a clubfoot. Furthermore, appellant had been sentenced to 16 years of imprisonment and will return to society as a convicted felon. Appellant also has been ordered to pay restitution to the victims and had other costs assessed at sentencing that cannot or have not been waived.

{¶ 16} Although there was little evidence of appellant's future earning ability, we find that there was evidence in the record that the court had complied with the applicable statutes and considered appellant's future ability to pay the costs of confinement and appointed counsel.

{¶ 17} While appellant argues that his counsel should have objected to the trial court's finding that appellant had a present or future ability to pay these costs, he has not identified any additional information his counsel could have presented which might have influenced the court's determination. Therefore, we find appellant has failed to meet his burden to show that his counsel's inaction fell below a reasonable standard.

{¶ 18} Appellant's first and second assignments of error are not well-taken.

7.

**{¶ 19}** Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Stephen A. Yarbrough, J.

_____

James D. Jensen, P.J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.