[Cite as *State v. Johnson*, 2016-Ohio-8084.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No. L-15-1220

      Appellee                                      Trial Court No. CR0201501174

v.

Romell Johnson                                    **DECISION AND JUDGMENT**

      Appellant                                    Decided:  December 9, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Frank H. Spryszak, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Romell Johnson, appeals the July 20, 2015 judgment of the Lucas

County Court of Common Pleas convicting him of two counts of rape in violation of R.C.

2907.02(A)(1)(b) and (B), felonies of the first degree.  For the reasons that follow, we

affirm.

## Assignment of Error

{¶ 2} Appellant sets forth the following assignment of error:

The trial court committed error to the prejudice of appellant by imposing the costs of prosecution without consideration of appellant's present or future ability to pay.

## Background Facts

{¶ 3} On January 29, 2015, appellant was indicted on two counts of rape. On February 5, 2015, appellant appeared for his arraignment and was determined to be indigent.

{¶ 4} On July 2, 2015, appellant pled guilty to both counts. The trial court accepted the plea and the matter was referred to the Pretrial/Presentence Department for preparation of a presentence investigation report (PSI).

{¶ 5} On July 16, 2015, appellant was sentenced to serve a mandatory term of seven years for each count. These sentences were ordered to be served consecutively, for a prison term of 14 years. It was further ordered appellant would be subject to five years mandatory postrelease control for each count.

{¶ 6} At the sentencing hearing, the trial court considered the evidence, including the PSI, and presented appellant with an acknowledgement form pursuant to R.C. 2947.23, which contained appellant's signature. The trial court did not assess court costs in open court, but did include costs in its judgment entry journalized July 21, 2015.

2.

{¶ 7} The July 2015 entry pertinently stated:

Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law.  Defendant ordered to reimburse the State of Ohio and Lucas County for such costs.  This order of reimbursement is a judgment enforceable pursuant to law by the parties in whose favor it is entered.  Defendant further ordered to pay the cost assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021.  Notification pursuant to R.C. 2947.23 given.

{¶ 8} It is from this judgment appellant now timely appeals.

**Standard of Review**

{¶ 9} "An appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23; *see also State v. Farless*, 6th Dist. Lucas Nos. L-15-1060, L-15-1061, 2016-Ohio-1571, ¶ 4 ("Our standard of review on this issue is whether the imposition of costs and financial sanctions was contrary to law.").

**Legal Analysis**

{¶ 10} In the sole assignment of error, appellant argues imposing costs of prosecution, appointed counsel and confinement, without considering present and future ability to pay, was reversible error.  Appellee asserts the record amply supports the trial

3.

court's imposition of costs because appellant had or will reasonably have the means to pay.

## Cost of Prosecution

{¶ 11} For cost of prosecution, R.C. 2947.23(A)(1)(a) mandates, "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the cost of prosecution." The trial court must impose court costs pursuant to R.C. 2947.23, despite whether defendant is indigent. *State v. Rohda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 13.

{¶ 12} "R.C. 2947.23(C), effective March 22, 2013, provides that the trial court retains jurisdiction to address the waiver, suspension, or modification of the payment of costs after sentencing." *State v. Pultz*, 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 61.

{¶ 13} Therefore, the argument related to the cost of prosecution is not well-taken.

## Cost of Appointed Counsel

{¶ 14} Payment of court-appointed attorney fees is governed by R.C. 2941.51(D), which states in relevant part:

> The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay.

{¶ 15} There must be "evidence in the record that the court considered the defendant's ability to pay the cost of confinement and appointed counsel." *See Farless*, 6th Dist. Lucas Nos. L-15-1060, L-15-1061, 2016-Ohio-1571, at ¶ 11.

{¶ 16} Here, appellant receives social security payments totaling $733 a month, completed school to 11th grade, and was 26 years old at the time of his rape convictions. This information was presented throughout the proceedings and was also contained in the PSI that was reviewed at the July 16, 2015 sentencing hearing. Therefore, we hold the trial court did not err when determining appellant has, or is reasonably expected to have, the ability to pay his court-appointed attorney fees.

{¶ 17} Appellant's argument regarding the cost of appointed counsel is not well-taken.

### Cost of Confinement

{¶ 18} "R.C. 2929.18(A)(5)(a)(ii) requires that the trial court impose against all convicted defendants a financial sanction for the cost of confinement in a state institution to the extent he is able to pay." *Farless* at ¶ 9. "R.C. 2929.19(B)(5) also requires the trial court to consider the defendant's present and future ability to pay any financial sanction." *Id*.

{¶ 19} "[A] sentencing court is not required to hold a hearing when determining whether to impose a financial sanction under this provision[.]" *State v. Bowman*, 6th Dist. Lucas No. L-11-1300, 2014-Ohio-3851, ¶ 34.

5.

**{¶ 20}** Here, as stated above, the trial court did not err in determining appellant has or will have the ability to pay costs and financial sanctions, including cost of confinement.

**{¶ 21}** Appellant's third argument has no merit and, accordingly, his sole assignment of error is not well-taken.

## Conclusion

**{¶ 22}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
_____
JUDGE

Arlene Singer, J.

Stephen A. Yarbrough, J.
_____
CONCUR.
JUDGE

_____
JUDGE