[Cite as *State v. Kelly*, 2017-Ohio-674.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. WD-16-015 |
| Appellee | Trial Court No. 2015CR0253 |
| v. | |
| Jeremy Kelly | **DECISION AND JUDGMENT** |
| Appellant | Decided: February 24, 2017 |

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Thomas A. Matuszak, and David T. Harold, Assistant Prosecuting Attorneys, for appellee.

Eric Allen Marks, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jeremy R. Kelly, appeals the April 15, 2016 judgment of the Wood County Court of Common Pleas convicting him of aggravated drug trafficking in violation of R.C. 2925.03(A)(2) and (C)(1)(d), a felony of the second degree; and drug

trafficking in violation of R.C. 2925.03(A)(2) and (C)(2)(d), a felony of the third degree. For the reasons that follow, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

THE TRIAL COURT ERRED IN FAILING TO CONSIDER APPELLANT'S PRESENT AND FUTURE ABILITY TO PAY WHEN IT IMPOSED THE COSTS OF PROSECUTION AND IMPOSED MAXIMUM MANDATORY FINES ON EACH COUNT.

APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

## Background Facts

{¶ 3} On July 2, 2015, appellant was indicted on five counts for aggravated possession of drugs, aggravated trafficking in drugs, possession of drugs, trafficking in drugs, and possession of criminal tools.

{¶ 4} After requesting discovery, appellant moved to suppress certain evidence. On November 23, 2015, appellant appeared for the suppression hearing and his counsel informed the court that the parties had reached a resolution.

2.

**{¶ 5}** Appellant then pled guilty to aggravated drug trafficking in violation of R.C. 2925.03(A)(2) and (C)(1)(d), a felony of the second degree; and drug trafficking in violation of R.C. 2925.03(A)(2) and (C)(2)(d), a felony of the third degree.

**{¶ 6}** The trial court accepted the plea, appellant's bond was continued, and the matter was referred for preparation of a presentence investigation report (PSI). Sentencing was scheduled for March 1, 2016. Appellant had no affidavit of indigency on record prior to sentencing.

**{¶ 7}** On March 1, 2016, appellant was sentenced to four years incarceration for the aggravated trafficking and 30 months for the lesser trafficking offense. These sentences were ordered to be served concurrently, for a total prison term of four years. Upon release, the court stated appellant would be subject to three years postrelease control.

**{¶ 8}** At sentencing the court further ordered appellant pay $25,000 in mandatory fines, in addition to the costs for prosecution. Appellant's counsel made no objection. The hearing transcript and sentencing entry reveal the court considered the PSI report in determining appellant's sanctions. The costs and fines were assessed in open court and in the April 15, 2016 judgment entry. From this judgment, appellant now timely appeals.

**Assignment of Error No. 1**

**{¶ 9}** In the first assignment of error, appellant argues imposing costs and fines without considering his present and future ability to pay was reversible error. Appellee

3.

asserts the record supports the trial court's imposition of costs and fines because, based on the PSI report, appellant had or will have the means to pay.

{¶ 10} "Our standard of review on this issue is whether the imposition of costs and financial sanctions was contrary to law." *State v. Farless*, 6th Dist. Lucas Nos. L-15-1060, L-15-1061, 2016-Ohio-1571, ¶ 4; *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

### Cost of Prosecution

{¶ 11} For cost of prosecution, R.C. 2947.23(A)(1) (a) mandates, "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the cost of prosecution." The trial court must impose court costs pursuant to R.C. 2947.23, despite whether defendant is indigent. *State v. Rohda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 13.

{¶ 12} "R.C. 2947.23(C), effective March 22, 2013, provides that the trial court retains jurisdiction to address the waiver, suspension, or modification of the payment of costs after sentencing." *State v. Pultz*, 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 61.

{¶ 13} Therefore, the argument related to the cost of prosecution is not well-taken.

### Mandatory Fines

{¶ 14} R.C. 2929.18(B)(1) states that for second and third degree felony violations of R.C. Chapter 2925, the sentencing court shall impose on defendant a mandatory fine of at least one-half of, but now more than, the maximum statutory fine amount authorized

4.

for the level of the offense pursuant to R.C. 2929.18(A)(3). *See State v. Lather*, 171 Ohio App.3d 708, 2007-Ohio-2399, 872 N.E.2d 991, ¶ 34 (6th Dist.).

{¶ 15} R.C. 2929.18(A)(3)(b) allows a fine of not more than $15,000 for a felony of the second degree, and (A)(3)(c) allows not more than $10,000 for a felony of the third degree. *See State v. Johnson*, 6th Dist. Lucas No. L-03-1046, 2004-Ohio-2458, ¶ 28.

{¶ 16} R.C. 2929.18(B)(1), furthermore, requires defendant file an affidavit of indigency or the trial court find defendant lacks the present and future ability to pay before these mandatory fines can be waived by the court. *Id.*; *see also State v. Pate,* 8th Dist. Cuyahoga No. 103077, 2016-Ohio-399, ¶ 7.

{¶ 17} A sentencing court is not required to hold a hearing solely to determine whether to impose a fine under R.C. 2929.18. *See State v. Bowman*, 6th Dist. Lucas No. L-11-1300, 2014-Ohio-3851, ¶ 34. Neither does the court have to "make an affirmative finding that an offender is able to pay a mandatory fine." *State v. Lenhert*, 6th Dist. Wood No. WD-08-078, 2009-Ohio-5392, ¶ 9. There need only be evidence in the record that the court considered the defendant's ability to pay the fine. *See Farless*, 6th Dist. Lucas Nos. L-15-1060, L-15-1061, 2016-Ohio-1571, at ¶ 11.

{¶ 18} Here, the PSI report, which was reviewed by the court, reveals appellant earned monthly income of $2,800, completed high school and 133 credits of college, and was a healthy 33-year-old at the time of his convictions. There is also evidence appellant played professional basketball abroad for roughly six years, and that he still offers coaching services to supplement his income. Appellant did not file an affidavit of

5.

indigency prior to sentencing, and the $10,000 and $15,000 imposed fines were within the permissible statutory range. *See* R.C. 2929.18(A)(3). We find no arguable merit to the claim appellant should have been deemed unable to pay costs and fines. Therefore, the trial court did not err in imposing mandatory fines—thereby implying its determination that appellant has or is reasonably expected to have the ability to pay.

{¶ 19} Accordingly, appellant's first assignment of error is not well-taken.

### Assignment of Error No. 2

{¶ 20} In the second assignment of error, appellant argues he was deprived effective assistance because his trial counsel failed to file an affidavit of indigency or otherwise object to the imposition of costs and fines. Appellee contends appellant made a knowing, voluntary plea which "severely curtailed" his ineffective counsel argument.

{¶ 21} In evaluating ineffective assistance of counsel claims, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court must determine whether there has been a substantial violation of any of defense counsel's essential duties to her client and whether the defense was prejudiced by counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶ 22} "[F]ailure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel in a case where the record establishes a

6.

reasonable probability that the defendant would be found indigent thereby avoiding the obligation to pay a mandatory fine." *State v. Banks*, 6th Dist. Lucas Nos. WD-06-094, WD-06-095, 2007-Ohio-5311, ¶ 16.

{¶ 23} Here, as discussed in the previous assignment of error, imposing costs and fines was not in error where the record supported appellant had or will have the ability to pay.

{¶ 24} Thus, we find no merit in appellant's ineffective assistance argument, and the second assignment of error is not well-taken.

### Conclusion

{¶ 25} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
                      JUDGE
Arlene Singer, J.     

Thomas J. Osowik, J.     _____
CONCUR.                     JUDGE

                _____
                      JUDGE